# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1139 | **DATE** | 03/31/2008 |
| **CASE TITLE** | Paul Anthony Smith (#2006-0003637) v. Jerome Nudera | | |

**DOCKET ENTRY TEXT:**

Plaintiff Paul Anthony Smith's motion for leave to proceed *in forma pauperis* [4] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $4.00 from Plaintiff's account, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts at the Will County Adult Detention Facility. The clerk is directed to issue summonses for defendants Jerome Nudera and Roy Martin, and the United States Marshals Service is appointed to serve these defendants. Warden Michael O'Leary is dismissed as a defendant. The clerk shall send to Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for the appointment of counsel [3] is denied without prejudice. Status hearing is set for 6/2/2008 at 8:30 AM.

■ [**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

    Plaintiff, Paul Anthony Smith (#2006-0003637), an inmate at the Will County Adult Detention Facility, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Deputy Chief Jerome Nudera, Sergeant Roy Martin, and Warden Michael O'Leary. Plaintiff asserts that he was denied due process with a disciplinary action by jail officials.

    The Court finds that Plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.00. The supervisor of inmate trust accounts at the Will County Adult Detention Facility is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee obligation, and the Will County Adult Detention Facility inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another facility.
**(CONTINUED)**

    isk

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the Court is required to conduct a preliminary review of an inmate's complaint. Accepting the factual allegations of Plaintiff's complaint as true, the Court finds that the complaint states a colorable cause of action against Deputy Chief Jerome Nudera and Sergeant Roy Martin. *See Rapier v. Harris*, 172 F.3d 999, 1003-04 (7th Cir. 1999) (pretrial detainees must be afforded procedural due process rights before being punished with disciplinary segregation). Although a more developed record may show that Plaintiff's claims are without merit, Defendants Nudera and Martin must respond to the allegations in the complaint. However, the complaint's allegation seeking to hold Warden Michael O'Leary liable in his supervisory role fails to state a valid claim and is dismissed. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002); *Antonelli v. Sheahan,* 81 F.3d 1422, 1428 (7th Cir. 1996) (a supervisory official is not liable for the actions of his subordinates under a theory of respondeat superior, and either the supervisory official must have been personally involved in the alleged constitutional deprivation or there must be an allegation of an unconstitutional policy or custom). Accordingly, Warden O'Leary is dismissed as a defendant.

The clerk shall issue summonses for service of the complaint on Deputy Chief Jerome Nudera and Sergeant Roy Martin. The clerk shall also send to Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Deputy Chief Jerome Nudera and Sergeant Roy Martin, officials at the Will County Adult Detention Facility. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants Nudera and Martin. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Will County Adult Detention Facility officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or for proof of service if a dispute arise. Any documentation of the address shall be retained only by the Marshal, and shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the defendants, or to defense counsel, if an attorney has entered an appearance on behalf of the defendants. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

The court denies without prejudice Plaintiff's motion for the appointment of counsel. Plaintiff has not demonstrated that he has attempted unsuccessfully to obtain representation or that he was effectively precluded from making such efforts. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Also, Plaintiff's case does not currently involve complex issues, complex discovery, or an evidentiary hearing, and his complaint demonstrates his competence, at least at this point, to present his claims adequately. Accordingly, the motion for counsel is denied at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).