50722-POG/FLY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL ANTHONY SMITH, | ) |
| Plaintiff, | ) No. 08 C 1139 <br> ) <br> ) Judge Amy St. Eve |
| vs. | ) <br> ) Magistrate Judge Cox |
| MICHAEL O'LEARY (Warden), JEROME NUDERA (Deputy Chief) and ROY MARTIN (Sergeant), | ) <br> ) <br> ) |
| Defendants. | ) |

## ANSWER & AFFIRMATIVE DEFFENSES

Now come the defendants, DEPUTY CHIEF JEROME NUDERA and SERGEANT ROY MARTIN, by and through their attorneys, QUERREY & HARROW, LTD., and in answer to plaintiff pro se Complaint, allege and state as follows:

**IV.    Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

I, Paul Anthony Smith am filing a complaint against the Will County Adult Detention Facility staff Warden Michael O'Leary, Deputy Chief Jerome Nudera and Sergeant Roy Martin for violating State and Federal Laws, Discrimination, Mental Anguish and for the continued inhumane treatment by the Security Staff. On January 14, 2008, I was removed from my current assignment as D-Pod Housing Worker and transferred to disciplinary segregation pending an investigation for a maj. Rule infragment (fighting) and also criminal battery (these two charges govern the policy and

procedures of the Will County Adult Detention Facility.) On January 29, 2008, I was released from Disciplinary Segregation and transferred to Administrative Segregation. Regarding why I was transferred to Admin. Seg., I wrote a complaint/grievance asking an explanation why I was placed in Admin. Seg., Sgt. Roy Martin (Classification Supervisor) responded by saying, the reason why the decision was made to place me in Admin. Segregation was because of the injuries that the other inmate sustained. As I appealed the decision alleging that, the Will County Adult Detention Facility made a poor decision by placing me in Admin. Seg. Because (1), I do not fit the criteria for Administration Segregation Inmates. Per the policy and procedures of the Will County Adult Detention Facility, Administrative Segregation is for inmates who on a continuous basis, present hostility towards other inmates and staff members. I advised Sgt. Roy Martin that, the record would reflect that, not only have I not caused a problem within the past 18 months, but inmates who are given assignments as workers are given those assignments because they display a positive attitude towards other inmates and staff members and also avoid any disciplinary action required by Illinois Jail Standards. Deputy Chief Jerome Nudera responded to my grievance. (See attached grievance/response.) Also, I explained to both Sgt. Martin and Deputy Chief Nudera that upon being transferred to Disc. Seg., that I did not receive a copy of the disciplinary report. I was denied my right to call witnesses in my behalf, or even the use of an alibi, and upon my hearing, I was asked by the Hearing Officer did it know what I was being charged with and I stated no. The Hearing Officer informed me that I would receive a copy in the mail and continued with the hearing, which is a violation of my rights because per Illinois Jail & Standards Act, an inmate is suppose to be informed

beforehand of what he/she is being charged with and be given an opportunity to prepare a defense in his behalf, which is a violation of my Due Process Rights guaranteed by the (XIV) Amendment of the Federal Constitution. I have notified Warden Michael O'Leary, the Chief Administrative Officer regarding the continued violation of State & Federal laws and he would overlook what his staff is doing. My family has made several attempts to contact Warden O'Leary and he would fail to return there calls concerning the allegations against he and his staff. Warden O'Leary and his staff are continuing to deny the plaintiff in this matter life and liberty instead, being in Admin. Segregation, I am being denied the allotted time out for exercise, phone priviledges, access to use both physical and mobile law libraries, adequate nutrition, I was advised by a officer that, two inmates who were assigned as kitchen workers got into physical altercation where the perpetrator bead a deep hole in the victim's head where medical treatment was required and this inmate isn't placed in Admin. Segregation. Also, be advised, these two inmates were Caucasin. Prior to this complaint being filed, the undersigned gave the Will County Jail a week to respond to the grievance, and they failed to do so. (See 4 page grievance date filed).

**ANSWER:** Defendants admit that on January 14, 2008 the plaintiff was placed in the general population classification and assigned as a D-Pod Housing Worker. On or about January 14, 2008, the plaintiff was involved in a fight with another inmate wherein he bit causing injury to the other inmate requiring medical treatment. The plaintiff was reclassified and placed on disciplinary segregation through January 29, 2008. On or about January 29, 2008, the plaintiff was reclassified from disciplinary segregation to administrative segregation. The plaintiff filed a "Inmate Request Form

22" concerning his classification. The plaintiff filed an appeal related to his placement in administrative segregation in the memo dated February 7, 2008 was directed to the plaintiff by Deputy Chief Jerome Nudera.

The allegations related to Michael O'Leary are irrelevant as said cause against Michael O'Leary has been dismissed. As such, said paragraph should be stricken from the complaint pursuant to Federal Rule Civil Procedure 12(f).

The defendants have insufficient knowledge as to the truth or accuracy as to whether the plaintiff had a conversation with a "officer" concerning another incident. The defendants have insufficient knowledge as to whether any such incident occurred as the plaintiff fails to identify the participants or the date of the event.

Other than specifically admitted and where there is a claim of insufficient knowledge, the defendants deny each and every remaining allegation contained in IV of plaintiff's complaint.

WHEREFORE, the defendants, DEPUTY CHIEF JEROME NUDERA and SERGEANT ROY MARTIN deny that the plaintiff is entitled to judgment in any amount or to any of the relief requested and pray that the within lawsuit, so wrongfully brought, be dismissed with prejudice and costs.

Defendants demand that the case be tried by a jury.

### AFFIRMATIVE DEFENSES

Now come the defendants, DEPUTY CHIEF JEROME NUDERA and SERGEANT ROY MARTIN and as their affirmative defenses to plaintiff's Complaint allege and state as follows:

### QUALIFIED IMMUNITY

1.    With respect to plaintiff's claim of violation of his rights of due process, the defendants, DEPUTY CHIEF JEROME NUDERA and SERGEANT ROY MARTIN are entitled to qualified immunity as the plaintiff was provided with a hearing which has never been found to run afoul of any rights of due process which plaintiff Smith may have been entitled to.

2.    The defendants have discretion concerning security issues and classification of a detainee comes within the purview of jail administration and security decisions. As such, the defendants, DEPUTY CHIEF JEROME NUDERA and SERGEANT ROY MARTIN, are entitled to qualified immunity.

## TORT IMMUNITY

3.    Pursuant to the Illinois Government and Governmental Employee Tort Immunity Act, the defendants are entitled to immunity for any discretionary act during the course and scope of their employment as to any state claim alleged by plaintiff.

WHEREFORE, the defendants, DEPUTY CHIEF JEROME NUDERA and SERGEANT ROY MARTIN deny that plaintiff's Complaint has any merit and in the alternative, have qualified immunity from any cause of action set forth in plaintiff's Complaint.

Defendants demand that the case be tried by a jury.

                                                Respectfully submitted,
                                                QUERREY & HARROW, LTD.,

                                                By: s/David J. Flynn
                                                     David J. Flynn
                                                     Attorney for Defendants
                                                     Deputy Chief Jerome Nudera
                                                     Sergeant Roy Martin

David J. Flynn
Paul O'Grady
Querrey & Harrow, Ltd.,
175 W. Jackson Boulevard
Suite 1600
Chicago, IL 60604
(312)540-7000