IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL ANTHONY SMITH )
PLAINTIFF, )
)
) CASE NO. 1:08CV01139
)
- VS - )
) JUDGE AMY ST. EVE
)
)
) MAGISTRATE JUDGE COX
)
)
JEROME NUDERA, et al. )
DEFENDANT.

FILED
JUL 7 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION FOR DISCOVERY

Now comes the Plaintiff Paul A. Smith pro se, pursuant to Rule 26(a) Fed. R. Civ. P. in his Motion for Discovery, wherefore, it is alleged as follows:

1. The plaintiff in his Initial Complaint, named Sergeant Roy Martin and Deputy Chief Nudera as defendants, these being officials at the Will County Adult Detention Facility.

2. On January 14, 2008, upon the plaintiff being assigned to D-Pod as a Pod worker at the Will County Adult Detention Facility, had a physical altercation with another inmate. Plaintiff was removed from his work assignment and placed in disciplinary segregation.

3. Through January 14, 2008 to January 19, 2008, the plaintiff complained to various officers as well as Officer D. Kacynski (R/O who wrote the ticket) that I had not recieved a copy of the Disciplinary Report. This is supported by (3) witnesses whom were also placed in Disciplinary Segregation, in the same Dayroom as the Plaintiff, for reasons beyond why I was placed in Disciplinary Segregation. These witnesses, one whose name Willie Alexander would come forth and testify that,

I had complained between the dates provided that I had not recieved a copy of the disciplinary report and also, Mr. Alexander was placed in disciplinary segregation without being afforded due process as well. The plaintiff has at the present time failed to provide the (3) affidavits for the following reason,..

A.) Upon being transferred from the Will County ADF to the Illinois Department of Corrections on April 24, 2008, the ADF security staff took all of plaintiff's legal material and placed it in his property, denying plaintiff to posess his legal material while being in transition from one facility to the next after plaintiff made it clear to ADF security staff that I was taking my legal material with me to I.D.O.C., which is a violation of ADF policies and procedures. (See Will County ADF Inmate Rule Book)

4. Upon going before the hearing committee, I was told by the hearing officer I was being charged with fighting, a rule infraction of ADF and criminal battery. I explained to the hearing officer that, I did not recieve a copy of the disciplinary report and I asked that the hearing be deferred until I recieved a copy of the report to prepare witnesses, a defense and a alibi.

5. Upon the hearing being postponed, the plaintiff recieved in the mail a hearing board summary decision. That decision was, I was found guilty of fighting and sentenced 30 days in disciplinary segregation. The board's summary made no mention about the criminal battery charge, or if ADF would pursue in criminal charges.

6. The plaintiff upon completing his sentence day for day, on January 29, 2008

was transferred to Administrative Segregation. The Summary also made no mention that, upon finishing my sentence in Disciplinary Segregation, that I would be transferred to Admin. Segregation.

7. Upon making numerous request to the Classification Dept. Supervisor Sergeant Roy Martin about being Reclassified and also about me not recieving a fair and partial Disc Hearing and everything concerning that hearing was properly Grieved through ADF Grievance Procedure, Sgt. Martin's Response was, "Your Complaint is Unfounded." (See Plaintiff's Masterfile at ADF from April 28, 2006 to April 24, 2008)

8. Also, while Plaintiff was in Administration Segregation, has made numerous attempts through the Grievance Process, Request Slips and through various Supervisor's to try and reach Deputy Chief Jerome Nudera and was unsuccessful. Deputy Chief Nudera sent the Plaintiff a letterhead stating, Reviews to be Released from Administrative Segregation are done every 30 days. (See Plaintiff's Masterfile at ADF and also his Initial Complaint Filed.)

9. Upon Plaintiff Remaining in Administrative Segregation for 87 days without further Disciplinary Action taken against me by the Officials at ADF, I was still not Released. The Plaintiff continued to Grieve the matter and send Request to Deputy Chief Jerome Nudera, who later Responded stating " Your Case is Administratively Closed." The Plaintiff has also made attempts to Contact Warden Michael O'Leary by Request, Grievances and Outside Sources, but he would also fail to Respond. (See Plaintiff's Masterfile at Will County ADF)

10. The Plaintiff contends that, Complaints were filed with U.S. Senator Barack Obama's Office, Illinois Attorney General, FBI and IDOC (Jails & Standards Unit) against Will County ADF for the Continuous State and Federal Violations.

11. The Plaintiff contends he was not afforded Due Process before Disciplinary Action was taken against him. (See Rapier v. Harris, 172 F. 3d, 999)

12. The Plaintiff contends that, According to the policies and procedures that

governs the Will County Jail Detention Facility, to become a worker, an inmate must not receive a disciplinary ticket it's believed in 30 days. The plaintiff before being placed in disciplinary segregation on January 14, 2008, has not been to disciplinary segregation or has gotten into any trouble with the staff at ADF in 18 months. (See plaintiff's Master File.)

13. The plaintiff also contends that, upon Sgt. Roy Martin and Deputy Chief Jerome Nudera having the control to release me from Administrative Segregation and Reverse what the Hearing Committee had done, they failed to do so, violating their own policies and procedures by leaving me in Administrative Segregation for a period of time beyond a justifiable means.

14. Sgt. Roy Martin and Deputy Chief Jerome Nudera carried out lawful activities with unnecessary harshness, and abused their official powers and took unfair advantage of the plaintiff.

15. Defendants Roy Martin and Jerome Nudera also acted intentionally and purposefully to deprive the plaintiff of his rights.

Relief:

16. Plaintiff in his initial complaint is seeking compensatory damages in the amount of $150.00 a day for every day plaintiff spent in Disciplinary and Administrative Segregation, and is also respectfully asking for the resignations of both defendants from their official duties.

WHEREFORE, the plaintiff Paul A. Smith pro se, respectfully asks this Court to Grant it's Motion.

/s/ Paul A. Smith
Menard Correctional Center

CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES THAT A COPY OF THE ATTACHED INSTRUMENT WAS SERVED UPON ALL PARTIES TO THE ABOVE CAUSE BY ENCLOSING SAME IN AN ENVELOPE ADDRESSED TO DEFENDANTS ATTORNEYS QUERREY & HARROW LTD., 175 WEST JACKSON BLVD., SUITE 1400 CHICAGO, ILLINOIS 60604-2827 WITH POSTAGE FULLY PREPAID AND BY DEPOSITING SAID ENVELOPE IN THE MENARD CORRECTIONAL CENTERS MAILBOX AT P.O. BOX 711 MENARD, ILLINOIS 62259 ON 2 July 2008.

/s/ Paul A. [signature]