UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Paul Anthony Smith
    Plaintiff,

vs.

Jerome Nudera, et al.
    Defendant.

) Case No. 1:08cv1139
)
)
) Judge Amy St. Eve
)
)
) Magistrate Judge Cox

FILED
AUG 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### Disclosure to the Accused

Now comes the Plaintiff Paul A. Smith pro se., pursuant to Rule 26(c) Fed. R. Civ. P., in response to Defendants Request for Production of Documents, wherefore, it is stated as follows:

### Instructions and Definitions:

1. In Individual Defendants Motion, of First Request for Production of Documents to Plaintiff, Line (A), have requested that plaintiff is to produce documents as they are kept in the regular course of business, or to organize and lable the documents to correspond with the catagories in the request.

2. In Line (L) of Defendants Motion for Production of Documents, the plaintiff does not posess any of what Defendants have requested within, nor is plaintiff being represented by counsel regarding this civil matter. Plaintiff concerning his current criminal matter, is being represented by the "Third District Appellate Defenders Office", by Attorney Thomas Karalis, Ottawa, Illinois 61350. Plaintiff has submitted (3) affidavits by inmates Corrie Wallace, Willie Alexander and Chris Gunn, inmates of the Will County Adult Detention Facility.

3. In Line (1) of Defendants Motion for Production of Documents, titled "Request For Production," In Response, See Plaintiff's Initial Complaint or Disclosures.

4. In Line (2) of Defendants Motion for Production of Documents, Individual Defendants Attorneys (Querrey & Harrow Ltd.) posess all that's listed within this Subpart, or at least control some if not all.

5. In Line (3) of Defendants Motion for Production of Documents, Individual Defendants Attorneys (Querrey & Harrow Ltd.) posess all that's listed within this Subpart, or at least control some if not all. Plaintiff does have control of "Grievances and Appeal of Grievances against Defendants". (See Initial Complaint and Amended Complaint)

6. In Line (4) of Individual Defendants Motion for Production of Documents, Defendants Attorneys (Querrey & Harrow Ltd.) posess or control if not all, some of what is listed within. (See Plaintiff's Initial Complaint and Amended Complaint)

7. In Line (5) of Individual Defendants Motion for Production of Documents, Plaintiff does not "Control" or "Posess" any of what's listed within.

8. In Line (6) of Individual Defendants Motion for Production of Documents, Plaintiff does not "Control" or "Posess" any of what's listed within.

Production of Documents, plaintiff does not "Control" or "Posess" any of what's listed within. (See Will County Adult Detention Facility Inmate Rule Book)

10. In Line (8) of Individual Defendants Motion For Production of Documents, the plaintiff has submitted (3) Affidavits to Defendants Attorneys (Querrey & Harrow Ltd.)

11. In Line (9) of Individual Defendants Motion For Production of Documents, plaintiff has filed Grievances and Appeals to Defendant Deputy Chief Jerome Nudera and Warden Michael O'Leary, both being Employees of the Will County Sheriff's Office. Plaintiff has also filed Grievances and Appeals against Sergeant Roy Martin, an Employee of the Will County Adult Detention Facility. (See Plaintiffs' Initial and Amended Complaint.)

12. In Line (10) of Individual Defendants Motion For Production of Documents, plaintiff does not have in his possession of what's is requested within. (See Will County Adult Detention Facility Inmate Rule Book)

13. In Lines 11 through 15, of Individual Defendants Motion For Production of Documents, the plaintiff does not "Control" or "Posess" any of the following listed within. (See Will County Adult Detention Facility Inmate Rule Book and Administrative Policies and Procedures)

14. In Line (16) of Individual Defendants Motion For Production of Documents, plaintiff does not have Counsel or is being advised by Counsel in this Civil Matter.

15. In Lines 17 and 18 of Individual Defendants Motion For Production of Documents, plaintiff does not have in his possession or Control any of the following listed within.

16. ...Production of Documents, plaintiff has submitted (3) affidavits of individual witnesses who have knowledge of the facts alleged in this complaint. (See line 8 of Individual Defendants Motion For Production of Documents)

17. In lines 20 through 23 of Individual Defendants Motion For Production of Documents, plaintiff does not "Posess" or "Control" any of what's listed within.

18. In lines 24 through 26 of Individual Defendants Motion For Production of Documents, plaintiff has and will use any and all information, grievances, and documents that Defendants Attorneys (Querrey & Harrow Ltd.) has made available to plaintiff.

19. In line (34) of Individual Defendants Motion For Production of Documents, plaintiff has not recieved any kind of affidavit from the responding party stating whether the production is complete.

Respectfully Submitted,

/s/ Paul A. Smith
Paul A. Smith
Pro Se. Plaintiff

## OFFICE OF THE ATTORNEY GENERAL
### STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

February 25, 2008

Mr. Paul Smith
CIMIS # 06-3637
Will County Adult Detention Facility
95 South Chicago Street
Joliet, IL 60436

REF NR: 08 - 87016

Dear Mr. Smith:

Thank you for your correspondence to Attorney General Lisa Madigan. The Attorney General asked that I acknowledge receipt of your letter and respond on her behalf.

After reviewing your circumstances, it would appear that the issues you raise should be addressed by the Will County Adult Detention Facility. Therefore, I have taken the liberty of forwarding a copy of your letter to the director of the Will County Adult Detention Facility. I am confident that Sheriff Paul Kaupas will handle this matter accordingly.

Again, thank you for writing.

Sincerely,

Erin Ruebbelke
Public Affairs Officer

<u>17 April, 2008</u>

## Sworn Affidavit

I <u>Corrie Wallace</u>, Cimis No. 1822 swear under **penalty of perjury**, that the contents that are contained in this sworn affidavit is true. On and between January 14, 2008 to January 19, 2008, I was placed in a disciplinary segregation cell (#8) right next door to Paul A. Smith, Cimis # 3637 cell #6 at the Will County Adult Detention Facility. I personally witnessed Mr. Smith complain everyday to myself and my cellmate at the time Chris Gunn, Cimis No. 0502 who was also placed in the cell with me at the time. Mr. Smith also complained to various officers that worked the segregation unit that, he did not recieve a copy of his disciplinary report which was the reason he was ever placed in disciplinary segregation. I also witnessed Mr. Smith ask an officer who wrote the disciplinary report what happened to a copy of his ticket that he wrote on Mr. Smith and why no one ever bought him a copy of the report so he could sign it. I believe the officers name that Mr. Smith spoke to is c/o D. Kacynski. Again, the contents that are contained in this sworn affidavit are to be as true and correct to the best of my knowledge.

Signed x _____

Corrie Wallace
Cimis No. 1822
95 South Chicago St.
Joliet, Illinois 60436

**17 April, 2008**

## Sworn Affidavit

I Willie Alexander, Cimis # 1967, swear under penalty of perjury that the contents that are contained in this sworn affidavit are true. On April 4, 2008, I was placed in the disciplinary segregation unit pending a investigation for an alleged fight with another inmate. Up until this present day this sworn affidavit was drafted, I have "Not" recieved a copy of my disciplinary report the reason being why I'm in disciplinary segregation. I wrote this sworn affidavit in the support of the plaintiff Paul A. Smith, Cimis # 3637, a civil matter that concerns him with the U.S. District Court, Northern Division 219 South Dearborn Street, Chicago, Illinois 60604 case no. 08 c 1139 and the presiding judge Amy St. Eve. I will attest that, the Will County Adult Detention Facility is placing inmates in the segregation unit and are not abiding by state and federal laws under the Illinois Jail and Standards Act. I will also attest that, other inmates that are placed in the segregation unit are not being afforded due process as well, a U.S. Constitutional violation under the (XIV).

Signed x _____

Willie Alexander
Cimis # 1967
95 South Chicago St.
Joliet, Illinois 60436

<u>17 April, 2008</u>

## <u>Sworn Affidavit</u>

I <u>Chris Gunn</u>, Cimis # 0502, swear under penalty of perjury, that the contents that are contained in this sworn affidavit is true. On and between January 14, 2008 to January 19, 2008, I was placed in a disciplinary segregation cell (#8) right next door to Paul A. Smith, Cimis # 3637 cell #6 at the Will County Adult Detention Facility. I personally witnessed Mr. Smith complain everyday to myself and my cellmate at the time Corrie Wallace, Cimis #1822, who was also placed in the cell with me at the time. Mr. Smith also complained to various officers that worked the segregation unit that, he did not recieve a copy of his disciplinary report which was the reason he was ever placed in disciplinary segregation. I also witnessed Mr. Smith ask an officer who wrote the disciplinary report what happened to a copy of his ticket that he wrote on Mr. Smith and why no one ever bought him a copy of the report so he could sign it. I believe the officers name that Mr. Smith spoke to is c/o D. Kacynski. Again, the contents that are contained in this sworn affidavit are to be as true and correct to the best of my knowledge.

Signed x_____

Chris Gunn
Cimis No. 0502
95 South Chicago St.
Joliet, Illinois 60436